FILED

DEC 5 - 2005

U.S. BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>THE VILLAS AT HACIENDA DEL SOL, INC., an Arizona corporation,<br><br>                Debtor. | Chapter 11<br><br>Case No. 4-05-01482-EWH |
| RON'S CONCRETE CONSTRUCTION, INC. dba HECTOR'S CONCRETE, an Arizona corporation,<br><br>                Plaintiff,<br>v.<br><br>WESTERN PLAINS DEVELOPMENT CORP., an Arizona corporation, FIDELITY NATIONAL TITLE AGENCY, an Arizona corporation; HACIENDA DEL SOL PARTNERS, L.L.C., aka HACIENDA DELSOL PARTNERS, LLC, an Arizona limited liability company; GAMBEL'S OAK, L.L.C., an Arizona limited liability company; MICKEL A. MALEK and CATHERINE R. MALEK; DENTAL PRIDE, INC., LTD., an Arizona corporation; TERRY ANDOLSHEK and MARGARET ANDOLSHEK; RIVER ROAD PROPERTIES, LLC, an Arizona limited liability company; WYBRY WILL, LLC, an Arizona limited liability company; PORTASIA LAND COMPANY, an Arizona limited liability company; PAUL BOZZO, LLC, an Arizona limited liability company; THE VILLAS AT HACIENDA DEL SOL, INC., an Arizona corporation; THE OHIO CASUALTY INSURANCE CO., PFC CORP.,<br><br>                Defendants. | Adversary No. 05-00162<br><br>**MEMORANDUM DECISION** |

# INTRODUCTION

Litigation between the Debtor's general contractor and one of its subcontractors is related to the Debtor's bankruptcy case because an adverse outcome to the litigation could have an effect on the bankruptcy estate. Because the litigation has already been removed to this court, there is no parallel proceeding in state court in favor of which this court must or could abstain. The equitable factors which govern remand, favor retention of this adversary proceeding in this court. The reasons for my conclusions are explained in the balance of this decision.

# FACTUAL AND PROCEDURAL HISTORY

Movant, Ron's Concrete Construction, Inc. (Ron's Concrete) has a concrete subcontract with Western Plains Development Corp (WPD) on a construction project (Project) to build apartment units on property owned by the Debtor. WPD is the general contractor on the Project. The Debtor is not a party to the subcontract between WPD and Ron's Concrete. Under its contract with the Debtor, WPD was required to provide payment and performance bonds for the Project. In order to comply with that requirement, WPD obtained a $12.7 million payment bond from Ohio Casualty Insurance Company, (Ohio Casualty). WPD is named as the principal on the bond and the Debtor is named as the obligee.

In the spring of 2004, a dispute arose between the Debtor and WPD. The Debtor quit funding WPD's payment and change order requests. At or about the same time, WPD quit

paying the subcontractors on the Project. Ron's Concrete subsequently sued Ohio Casualty, WPD and the Debtor in Pima County Superior Court (Ron's Concrete Litigation).

After the Debtor filed for Chapter 11 relief in March 2005, Ohio Casualty and/or WPD filed notices of removal of all pending state court proceedings brought by subcontractors against WPD and/or Ohio, including the Ron's Concrete Litigation. All of the removal notices state that the litigation being removed is "related to" Debtor's bankruptcy case. On August 24, 2005, Ron's Concrete filed a joinder in another subcontractor's (M&B Mechanical, Inc.'s) Motion for Abstention and Remand (M&B Motion).[1] WPD and Ohio Casualty filed a response to the joinder arguing that the joinder was untimely because it was filed more than 30 days after WPD filed its notice of removal of the Ron's Concrete Litigation. Ron's Concrete's motion, along with motions to remand filed by a number of other subcontractors on the Project, was heard on November 17, 2005. The matter is now ready for decision.

---

[1] In addition to Ron's Concrete, Best Paving, Inc. (Best), M&B Mechanical, Inc. (M&B Mechanical), Environmental Earthscapes, Inc. (Environmental Earthscapes), NWR Enterprises, Inc. dba Brikon Masonry (Brikon), JFN Mechanical Contracting, Inc. (JFN Mechanical), Design Plastering, Inc. (Design Plastering) all filed suit against WPD and/or Ohio Casualty in Pima County Superior Court. Brikon, Environmental Escapes, Best and M&B Mechanical, joined by Ron's Concrete, filed motions to remand their lawsuits to state court. M&B Mechanical has withdrawn its Motion, but Ron's Concrete has not. JFN Mechanical and Design Plastering have not filed motions to remand. The motions for remand filed by Environmental Earthscapes, Brikon and Best are the subjects of separate memorandum decisions and orders entered this date.

3

## DISCUSSION

In the motion and reply briefs filed by M&B Mechanical and joined by Ron's Concrete, two arguments are raised in support of remand. First, the argument is made that the Ron's Concrete Litigation must or should be remanded under 28 U.S.C. § 1334(c)(1) or (c)(2). Secondly, the assertion is made that this court lacks jurisdiction over Ron's Concrete Litigation because the claims raised in that litigation are too remote to be "related to" the Debtor's bankruptcy case. I turn first to the jurisdictional argument.

A. The Bankruptcy Court has Jurisdiction Over the Ron's Concrete Litigation as a Case Related to the Debtor's Bankruptcy Case

The Ninth Circuit has adopted the definition developed by the Third Circuit for determining when a case is "related to" a bankruptcy case under 28 U.S.C. § 1334(b) set forth in Pacor v. Higgins, 743 F.2d 984, 994 (3rd Cir. 1984):

> [T]he test for determining whether a civil proceeding is related to bankruptcy is whether *the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy*. Thus, the proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate. (citations omitted).

Notwithstanding its broad definition of "related to" jurisdiction, the Pacor court found that the potential of an indemnification claim against a Chapter 11 debtor as a result of tort litigation between two non-debtor parties was too remote to fall within its definition of "related to" jurisdiction because there would be no automatic liability created against the debtor by an adverse outcome of that litigation. Id. at 995-96. The Pacor court, however,

4

Case 4:05-ap-00162-EWH    Doc 7    Filed 12/05/05    Entered 12/06/05 11:26:53    Desc
Main Document    Page 4 of 9

distinguished its facts from cases, like this one, where a contractual indemnification clause would automatically result in indemnification liability against the debtor if the litigation is decided against the debtor's indemnitee.

In this case, an adverse outcome of the Ron's Concrete Litigation to Ohio Casualty and/or WPD will have an automatic and immediate effect on the debtor's bankruptcy case by increasing the amount of Ohio Casualty's and/or WPD's claims against the estate. Accordingly, the Ron's Concrete Litigation meets the Pacor requirements for "related to" jurisdiction. See also Kaonohi Ohana, Ltd. v. Sutherland, 873 F.2d 1302, 1306 (9th Cir. 1989):

> The usual articulation of the test for determining whether its civil proceeding is related to bankruptcy *is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy.*

B. Abstention under 28 U.S.C.1334(c)

Ron's Concrete asserts its joinder in the M&B Motion that mandatory abstention under 28 U.S.C. § 1334(c)(2) requires that the matter be remanded to state court even if the bankruptcy court has "related to" jurisdiction. However, in Security Farms v. Int'l Brotherhood of Teamsters, 124 F.3d 999, 1009 (9th Cir. 1997), the Ninth Circuit held that abstention can exist only when there is a parallel proceeding in state court.

> Section 1334(c) abstention should be read in *pari materia* with section 1452(b) remand, so that [section 1334(c)] applies only in those cases in which there is a related proceeding that either permits abstention in the interest of comity, section 1334(c)(1) or that by legislative mandate, requires it, section 1334(c)(2). Id. at 1010.

See also In re Lazar, 237 F.3d 967, 981 (9th Cir. 2001).

5

Under the holding in Security Farms, because Ohio Casualty and WPD have removed the Ron's Concrete Litigation, there is no parallel proceeding in state court. There is, therefore, no "pendant state action" in favor of which the court must or may abstain. Id. at 1009. Accordingly, Ron's Concrete's motion is not governed by Section 1334(c)(1) or (c)(2).

C.   Remand Under 28 U.S.C. § 1452(b)

A cause of action or a claim may be remanded to state court "on any equitable ground."[2] The "any equitable ground" remand standard is an unusually broad grant of authority committed to the sound discretion of the bankruptcy judge. In re McCarthy, 230 B.R. 414 (9th Cir. B.A.P. 1999).

In exercising this "broad grant" of discretion, courts have looked to a number of factors to determine whether remand would be equitable in a given case. These factors include:

> Judicial economy, comity and respect for state law decision making capabilities, the impact that remand would have upon the orderly administration of the debtor's bankruptcy estate, the effect of bifurcating claims and parties to an action and the possibility of inconsistent results, the predominance of state law issues and non-debtor parties, and the extent of any prejudice to non-debtor parties. In re TIG Insurance Co., 264 B.R. 661, 666 (Bankr. C.D. Cal. 2001). (citations omitted).

In this case, contract and surety law issues governed by state law predominate. However, the issue of whether Ron's Concrete is entitled to damages under Ohio Casualty's bond or its subcontract with WPD will affect the Debtor's bankruptcy case. Ohio Casualty's

---

[2] 28 U.S.C. § 1452(b) provides as follows: "The court to which such a claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291 or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title."

6

indemnification rights against WPD and/or the Debtor on the payment bond and WPD's contractual and/or equitable indemnification rights against the Debtor as the owner of the Project, mean that any adverse outcome of the Ron's Concrete Litigation to Ohio Casualty or WPD will have an impact on the Debtor's bankruptcy estate because it will increase the amount of WPD's and/or Ohio Casualty's claims.

Furthermore, if the Ron's Concrete Litigation is remanded, there is a possibility of inconsistent results between this court and the state court in interpreting similar contractual provisions. Ohio Casualty and WPD have asserted in all of the pending litigation with the Project's subcontractors that a "pay when paid" clause in the subcontracts means that no amounts are currently due and owing from WPD (or Ohio Casualty) to any of the Project subcontractors. One subcontractor, M&B Mechanical has withdrawn its motion for remand. Two others have failed to seek remand. Therefore, I will be forced to address WPD's "pay when paid" defense. However, if the Ron's Concrete Litigation is remanded, the state court will also have to address the "pay when paid" raising the very real possibility of inconsistent results which could have an adverse effect on the Debtor and its creditors.

This court is the only forum where all of the subcontractors and potential resulting indemnification claims against the Debtor can be heard. While the litigation can be heard relatively quickly and efficiently in this court, absent consent of the parties, this court cannot enter final orders or judgments in "related to" proceedings. See 28 U.S.C. § 157(c)(1). As a result, the Ron's Concrete Litigation may not necessarily conclude more quickly in this court than in state court, but I find that the possibility of inconsistent results between the federal and

7

state forums and the potential significant impact that such inconsistent results could have on the bankruptcy estate, outweigh any delay caused by the requirement that this court submit its proposed findings of fact and conclusions of law to the District Court.[3]

## CONCLUSION

The Ron's Concrete Litigation is "related to" the Debtor's bankruptcy case because the outcome could alter the Debtor's rights, liabilities and options and could conceivably have an effect on the administration of the bankruptcy estate. Under Ninth Circuit case law, abstention under Section 1334(c) does not apply to Ron's Concrete Motion for Remand. Under the broad equitable principles which govern remanding of removed matters under 28 U.S.C. § 1452(b), I find that the Ron's Concrete Litigation should not be remanded to state court because it will require an inefficient severance of claims and open up the possibility of inconsistent rulings on similar matters by the state court and this court. Accordingly, Ron's Concrete's Motion for Abstention and Remand is denied.

---

[3] WPD's argument that Ron's Concrete's joinder was untimely need not be addressed because I have denied the Motion for Remand on substantive grounds. However, given the general equitable nature of 28 U.S.C. § 1452(b), it is unlikely that there is a 30-day time limit for seeking remand of a removed matter from the bankruptcy court. See In re Hotel Mt. Larsen, 207 B.R. 935 (Bankr. E.D. Cal. 1997).

The foregoing constitute my findings of fact and conclusions of law as required by Fed. R. Bankr. P. 7053. A separate order denying Ron's Concrete's Motion for Abstention and Remand will be entered this date.

DATED this 5th day of December, 2005.

Eileen W. Hollowell
U.S. Bankruptcy Judge

Copy of the foregoing served as indicated below this 5 day of December, 2005, to:

Timothy D. Ducar, Esq.
Ducar Lorona & Parks, PC
411 North Central Avenue, Suite 520
Phoenix, AZ 85004
Attorneys for Ron's Concrete Construction, Inc.
tducar@azlitigation.com

Matthew R.K. Waterman, Esq.
Waterman & Waterman, P.C.
33 North Stone Avenue #2020
Tucson, AZ 85701
Attorneys for The Villas at Hacienda Del Sol, Inc.
mrkw@watermanlaw.com

Rob Charles, Esq.
Lewis and Roca LLP
1 South Church Avenue, Suite 700
Tucson, AZ 85701-1611
Attorneys for The Ohio Casualty Insurance Company and
  Western Plains Development Corp.
rcharles@lrlaw.com

By _____
  Judicial Assistant